UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA, | **Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2)** |
|---|---|
| – against – | |
| ANDRE COELLO, | 19-CR-111 |
| Defendant. | |

**Parties:**

For United States

For Defendant

**Appearances:**

Kayla Bensing
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201-1820
718-254-6279

James Darrow
Federal Defenders of New York
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
718-407-7419

JACK B. WEINSTEIN, Senior United States District Judge:

## Table of Contents

I. Introduction ........................................................................................................... 1

II. Instant Offense ..................................................................................................... 1

III. Guilty Plea ......................................................................................................... 2

IV. Sentencing Hearing............................................................................................. 2

V. Offense Level, Criminal History Category, and Guidelines Range..................... 3

VI. Law .................................................................................................................... 3

VII. 18 U.S.C. § 3553(a) Considerations................................................................. 3

VIII. Sentence .......................................................................................................... 5

IX. Conclusion ......................................................................................................... 7

## I. Introduction

Defendant Andre Coello ("Coello" or "Defendant") pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), after a firearm was discovered by New York State parole officers in his home. Defendant was under state supervision following a lengthy prison term for his role in an attempted robbery and had been unincarcerated for less than one year. During the brief time he was out of jail, Defendant had made substantial strides toward rehabilitation; he secured a job and was working to reconnect with family members. He is committed to continuing this rehabilitative path. Coello is sentenced to time-served, to be followed by three years of supervised release.

## II. Instant Offense

In 2012, Defendant was convicted of attempted robbery in the first degree, in violation of New York Penal Law § 160.15. Presentence Investigation Report ("PSR") ¶ 4. He was sentenced to a seven-year term of incarceration. *Id.* Released on March 1, 2018, Coello was under New York State parole supervision when, on February 11, 2019, his parole officer and her

1

partner conducted a safety search of Defendant's residence. PSR ¶¶ 4–6. There, they found in his bedroom a loaded revolver and ammunition. PSR ¶ 6.

### III. Guilty Plea

On April 4, 2019, Defendant pled guilty to an indictment charging that he, having been previously convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did possess in and affecting commerce a Rossi Model 88 38 Special .380 caliber revolver and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). PSR ¶ 1.

His guilty plea was accepted by the magistrate judge and again by this court.

### IV. Sentencing Hearing

A sentencing hearing was conducted on October 3, 2019. *See* Sent. Hr'g Tr., Oct. 3, 2019. Defendant's paternal grandmother, mother, and girlfriend were in attendance, and their support for him was apparent. *See id.* 2:12–24. They committed to supporting him in his rehabilitation. *Id.* 27:7–28:7. Defendant spoke on his own behalf, expressing remorse for his conduct and desire to start anew by fostering familial relationships, completing his GED certification, and maintaining employment to provide for his children. *Id.* 24:13–25:24. He will live with his paternal grandmother upon release. *Id.* 24:4–6

The proceedings were recorded on video to develop a record of Coello's pattern of speech, facial expressions, and body language, as well as the courtroom atmosphere. *See* 18 U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 265 (E.D.N.Y. 2004) ("*De novo* appellate review of a district court's departure from the Sentencing Guidelines is deficient without a video record of the sentencing proceedings. All sentencing hearings conducted by the undersigned shall be recorded by a video device. The video record . . . shall chronicle the defendant's observable demeanor during the hearing and capture, as much as it is possible to do so, the real world humanity that the district court judge confronts.").

## V. Offense Level, Criminal History Category, and Guidelines Range

The base offense level is 24. U.S.S.G. § 2K2.1(a)(2). Three points are deducted for acceptance of responsibility and timely notification of intent to enter a plea. *Id.* §§ 3E1.1(a), (b); PSR ¶¶ 20–21. The total offense level is 21. PSR ¶ 22.

Defendant's criminal history category is V. PSR ¶ 30. The imprisonment range under the United States Sentencing Guidelines (the "Guidelines") is 70 months to 87 months. PSR ¶ 65. The maximum term of imprisonment is 10 years. 18 U.S.C. §§ 922(g)(1), 924(a)(2).

## VI. Law

The Guidelines are advisory. *United States v. Booker*, 543 U.S. 220, 245 (2005). The district court shall not, however, "presume that a Guidelines sentence is reasonable." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). Rather, the district court "must . . . conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense." *Id.* If the support for doing so is compelling, the district court may impose a sentence outside the Guidelines range. *Id.*

The sentencing court shall "state in open court the reasons for its imposition of the particular sentence" and, if the court has departed from the Guidelines, shall state why. 18 U.S.C. § 3553(c).

## VII. 18 U.S.C. § 3553(a) Considerations

Defendant was born in Brooklyn, New York in 1987. PSR ¶ 36. When he was five years old, his father was murdered in Baltimore, Maryland in a drive-by shooting. Sent. Hr'g. Tr. 23:18–24:3. Following his father's death, Coello and his mother moved into his maternal grandmother's home. PSR ¶ 37. It was his maternal and paternal grandmothers who raised him and provided for his needs, as his mother suffered from depression and was not always present in his life. *Id.*; Def. Sent. Mem. 2, ECF No. 18. Upon the maternal grandmother's death,

Defendant moved into his paternal grandmother's home, where he has resided since when not incarcerated. *Id.* Coello and his mother are in the process of rebuilding their relationship. PSR ¶ 37. Both Defendant's paternal grandmother and his mother, as well as his two siblings, are aware of the instant offense and remain supportive of him. PSR ¶¶ 37–38.

As a young man, Coello became a victim of gang violence, even transferring schools to avoid being targeted. Def. Sent. Mem. 2. The school transfer did not stop the violence, and he began cutting class and eventually dropped out of school. *Id.* Defendant sought out and joined a crowd of other young individuals that he believed could protect him. *Id.* He was incarcerated for drug sale offenses at age 21, and later participated in a robbery of a pizza store and its workers. *Id.* at 2–3. It is for this crime that he was sentenced to seven years in prison. PSR ¶ 26.

During his time in prison, Defendant worked toward his GED, which he would like to obtain. Sent. Hr'g. Tr. 30:6–12. His work experience is limited because of incarceration, but following his release in 2018, he obtained, on his own initiative, scaffolding and flagger certifications and was employed by a construction company. PSR ¶ 56; Def. Sent. Mem. 1. He will be employed in the same line of work upon his release from prison for the instant offense. Sent. Hr'g. Tr. 19:11–15.

Defendant is currently in a relationship with a young woman who is in nursing school. PSR ¶ 42. She is supportive despite his criminal offenses. *Id.* Coello has two young children from prior relationships and has struggled to maintain his bond with them. Although Coello shared a close bond with his 11-year-old son and financially provided for him prior to this most recent incarceration, Coello no longer has contact with his son. PSR ¶ 40. Defendant and his

ten-year-old daughter also shared a good relationship prior to his incarceration. PSR ¶ 41. Coello also financially provided for her. *Id.*

## VIII. Sentence

Coello is sentenced to time-served, nine months of incarceration. An additional period of incarceration would be costly and of little deterrent value.

Although community protection is an appropriate and desirable objective of the criminal justice system, incarceration as the primary means of achieving this objective is far less effective than rehabilitation. *See* Mirko Bagaric et. al, *Mitigating America's Mass Incarceration Crisis Without Compromising Community Protection: Expanding the Role of Rehabilitation in Sentencing*, 22 Lewis & Clark L. Rev. 1, 15–16 (2018).

In spite of his setback, Defendant is already on the path to rehabilitation. During his state term of incarceration, he worked towards completing his GED and intends to fulfill the remaining requirements. During the 11 months that Defendant was out of prison he demonstrated initiative and sought out training that would enable him to secure a job. He, in fact, successfully obtained a job. Coello's driven nature has been on display in this most recent term of incarceration, during which he has been assigned to work as a unit orderly. *See* Sent. Hr'g Ct. Ex. 1. Defendant's supervisor gave him a glowing performance review and commented that Coello "is a hardworking, motivational and respectful individual. He volunteers and works several job assignments & other tasks for any staff member on the units without being paid." *Id.* at 1. His performance ratings were either "outstanding" or "good." *Id.* at 1–2. It is apparent to the court that this individual has the ability and potential to be a productive member of society. *See United States v. Stowe*, 375 F. Supp. 3d 276, 279–80 (E.D.N.Y. 2019) (discussing research indicating that employment opportunities reduce the risk of re-offense); *see also* Jennifer L. Doleac, *Strategies to Productively Reincorporate the Formerly-Incarcerated into Communities:*

*A Review of the Literature*, IZA Institute of Labor Economics Discussion Paper Series (June 2018), http://ftp.iza.org/dp11646.pdf (concluding that while employment alone may not be enough to prevent criminal recidivism, employment in conjunction with other rehabilitative measures such as substance abuse treatment and housing assistance are successful in promoting reintegration into society).

The court also considered Defendant's familial relationships in fashioning a sentence. Since the Supreme Court's holding rendering the Guidelines advisory, more weight may be given to this crucial consideration. Research shows that criminal offenders who have frequent contact with family members and positive family relationships have better post-release outcomes and lower recidivism rates. *See* Nancy G. La Vigne et. al, *Broken Bonds: Understanding and Addressing the Needs of Children with Incarcerated Parents* 10–11, Urban Institute, Justice Policy Center (Feb. 2008). Defendant has worked and is working to maintain these crucial family links. His paternal grandmother has played a pivotal role in his life and has steadfastly supported him. He will live with her upon his release. Defendant has reconnected with his mother, and she has committed to helping keep him on the right track. Defendant's strong familial support will be a major factor as he attempts rehabilitation.

Defendant's relatively short term of incarceration will also ensure his children are supported. Children of incarcerated parents constitute an "at-risk" group in society, and his presence in their lives will mitigate some of those concerns. *See generally id.*; Lauren Feig, *Breaking the Cycle: A Family-Focused Approach to Criminal Sentencing in Illinois*, 1 Advocates' Forum 13 (2015). This population is often financially disadvantaged, and further separation may generate emotional, behavioral, and developmental issues in the child. *Id.*

6

It would only be detrimental to further deprive Coello of time with his loved ones, when they will assist in his rehabilitation and they will benefit from his presence.

A three-year term of supervised release is imposed. No fine or restitution is required as Defendant is unable to pay. Defendant will forfeit the gun and ammunition seized in the instant offense. A $100 special assessment is imposed.

## IX. Conclusion

Respectful consideration was given to the Guidelines. The sentence is "sufficient, but not greater than necessary" to comply with the purposes of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: October 23, 2019
Brooklyn, New York